**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:17-cv-01173-RM-KLM

WILLIAM DEERE,

    Plaintiff,

v.

XPO LOGISTICS FREIGHT, INC., and
XPO LOGISTICS, INC.,

    Defendants.

---

## ORDER ON MOTION TO STRIKE
---

By Order dated July 6, 2018 (the "Order"), this Court struck Plaintiff's original response (ECF No. 51) to Defendants' Motion for Summary Judgment. The Court did so because Plaintiff's statement of additional facts ("Statement") was "riddled with argument and include[d] nonresponsive responses to the movant's factual statements." (ECF No. 52.) The Court allowed Plaintiff only three days to file a compliant response because he had already been afforded two extensions of time to respond. Plaintiff timely refiled his response (the "Response") (ECF No. 53), with a refiled Statement (ECF No. 53-1) and exhibits. This issue before this Court is whether the Response and refiled Statement impermissible exceeds what the Court allowed in its Order. Defendants' Opposed Motion to Strike Plaintiff's Opposition to Defendants' Motion for Summary Judgment (ECF No. 54) argues that Plaintiff has done so. The Court agrees, but not to the extent Defendants contend.

**I.     BACKGROUD AND ANALYSIS**

The Court struck Plaintiff's entire filing, not just the Statement. That is because the Statement contained argument, which should be in the refiled response, and non-responsive responses. Thus, to file a compliant response, Plaintiff was required to remove the arguments and include them in his refiled response. As to the "nonresponsive responses," Plaintiff should – and could – provide responses rather than arguments to Defendants' statement of undisputed material facts and amend his response brief accordingly. Finally, giving Plaintiff the benefit of the doubt, the Order could arguably be construed as allowing him to raise additional facts in the refiled Statement, with resulting arguments in the Response, to address matters raised by Defendants. However, the Order could not be construed, for example, as leave for Plaintiff to simply *change* his responses by now denying what he had already admitted. Plaintiff's argument to the contrary is rejected. Thus, the Court examines Defendants' Motion in light of this background.

The Court starts with Defendants' contention that the entire Response, including refiled Statement, should be stricken. The Court finds otherwise. While there are unauthorized changes, they do not warrant such a sanction. This leaves Defendants' alternative request to strike or deem certain matters admitted.

Defendants' arguments as to what Plaintiff changed, to which Plaintiff did not dispute, and the Court's decisions concerning such arguments are as follows.

1) Fact No. 7: Defendants argue Plaintiff changed his response. The Court agrees; therefore, this response is stricken.

2) Fact Nos. 8 & 11: Defendants argue Plaintiff originally admitted this fact, but then changed it to "disputed" in the Response. The Court agrees. Therefore, these responses are stricken.

3) Fact No. 14: Defendants argue that Plaintiff (a) left in pages of extensive arguments and non-responsive argument; (b) added new arguments relating to the alleged fact that his performance numbers rose in the two months after Defendants completed their review of performance numbers and that Plaintiff allegedly received a third-quarter and October bonus; and (3) added arguments regarding a newly-filed Exhibit 27. The Court will not consider arguments, new or old, raised in the refiled Statement. However, because Fact No. 14 is so voluminous, it is unclear to the Court whether Plaintiff's additional facts could be construed as responsive and not as simply something entirely different. Giving Plaintiff the benefit of the doubt, the Court will let this Fact stand, but will disregard any arguments.

4) Fact No. 18: Defendants assert Plaintiff changed his argument by including a new argument of hearsay. The Court agrees. This new argument will be stricken.

5) Fact Nos. 26, 29: Defendants contend Plaintiff added new and/or non-responsive factual contentions. Because Plaintiff's additional facts could be construed as responsive, the Court will let them stand.

6) Fact Nos. 33-72, Exhibits 27, 28, 25: Defendants contend that Plaintiff added an additional section, set forth additional facts, and relied on new arguments and exhibits. First, any argument (rather than facts) in the refiled Statement will not be considered. To the extent there are wholly new additional facts, with supporting

exhibits, which are non-responsive to what was originally raised, the Court will allow them in this instance, for the reasons stated below.

Procedures "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In this case, for the Court to attempt to parcel out line-by-line what is wholly new and different, or what could arguably (even though not previously raised) nonetheless be responsive to the arguments and facts presented by Defendants, would be contrary to the dictates of Rule 1, or the rationale for the Court's Civil Practice Standards.[1] It may also render the Response to be unworkable as to what is in or out in any given argument, possibly requiring the filing of yet another response brief. And, conceivably, another round of arguments of the propriety of that refiled brief. This cycle would require the Court to entertain a major round of litigation before it even begins to consider the motion for summary judgment. The Court declines to do so in this instance because it struck *all* of Plaintiffs' responsive filings.

## II.  CONCLUSION

Based on the foregoing, it is ORDERED

(1) That Defendants' Opposed Motion to Strike Plaintiff's Opposition to Defendants' Motion for Summary Judgment (ECF No. 54) is granted in part and denied in part as stated herein;

(2) That Defendants' request for attorney's fees is denied;

---

[1] As the Court previously indicated, its standards are to *assist* the Court in the "efficient resolution of the prolific number of motions for summary judgment." *Corsentino v. Hub Int'l Ins. Servs., Inc.*, No. 16-cv-1917, 2018 WL 3315629, at *2 (D. Colo. July 5, 2018).

(3) That Plaintiff's refiled Statement (ECF No. 53-1) is stricken only to the extent stated herein; and

(4) That Defendants may file any reply to Plaintiff's Response, with the refiled Statement as modified herein by the Court, on or before January 25, 2019.

DATED this 15th day of January, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge