# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-01173-KLM

WILLIAM DEERE,

       Plaintiff,

v.

XPO LOGISTICS FREIGHT, INC., and
XPO LOGISTICS, INC.,

       Defendants.

_____

PLAINTIFF'S INITIAL DISCLOSURES
_____

PERSONS BELIEVED TO HAVE DISCOVERABLE INFORMATION
THAT PLAINTIFF MAY USE TO SUPPORT HIS CLAIMS

1. Plaintiff William Deere, c/o John R. Olsen, Attorney at Law. Has knowledge or belief relating to all events encompassed within the complaint.

2. Melody Fringes-McGinnis, c/o the defendant corporations. Will have knowledge as to her hiring, job title, job duties, interviews, compensation, and communications related to allegations in the complaint, and related topics.

3. David Gerdes, c/o the defendant corporations. Will have knowledge as to his experience, tenure at the companies, job titles, duties, and communications related to his treatment by the defendants as compared to the treatment of

plaintiff.

4. Employee ID Q 7880 (name to be determined), c/o the defendant corporations. Will have knowledge as to his or her experience, tenure at the companies, job titles, duties, and communications related to his or her treatment by the defendants as compared to the treatment of plaintiff.

5. Kevin Hunter or Huner, HR director, c/o the defendant corporations, who will have knowledge as to personnel actions against plaintiff, communications relating to plaintiff, hiring and treatment of Ms. Fringes-McGinnis and other comparators, plaintiff's compensation, corporate policies, and related topics.

6. Jennifer Warner, vice president and deputy general counsel, c/o the defendant corporations, who will have knowledge as to personnel actions against plaintiff, communications relating to plaintiff, hiring and treatment of comparators, plaintiff's compensation, corporate policies, and related topics.

7. Steve Bernier, Sr. Mgr. Sales, c/o the defendant corporations, who will have knowledge as to personnel decisions relating to plaintiff, as well as communications relating to plaintiff, hiring and treatment of comparators, plaintiff's compensation, corporate policies, and related topics

8. Bethany Marie Kaye Burnett, Attorney, c/o the defendant corporations, who will have knowledge of communications relating to plaintiff, communications to the EEOC, treatment of comparators, as well as corporate policies, and related topics.

9. Any person whose name appears in any of the disclosed or subsequently disclosed documents by any party.

10. Any person listed by the defendants.

11. Any person later identified during discovery/investigation.

## DOCUMENTS THAT PLAINTIFF MAY USE TO SUPPORT HER CLAIMS

Plaintiff's disclosures are a statement of all documents and tangible evidence known to exist at this time. While plaintiff possesses some of these items, others remain in the custody of other persons or entities, including the defendants. Copies of any documents that plaintiff possesses will be made at the request of defendants. If counsel for the defendants wishes to have all of the documents sent out for professional copying, please contact the undersigned and they will be sent out to FedEx/Kinko's, Longmont, Colorado, upon a prior agreement that the defendants' representative will be fully responsible for all costs and pick-up. Please contact the office of the undersigned to determine how you wish to proceed.

1. Plaintiff's personnel file at the defendant corporations.

2. Plaintiff's financial file at the defendant corporations.

3. Plaintiff's file at the EEOC.

4. Any and all documents and/or files maintained by the defendant corporations regarding plaintiff and/or that relate to personnel actions affecting him.

5. Company policies and procedures related to personnel actions and plaintiff.

6. Personnel files of comparators to be determined.

7. Notes, emails and all documents that relate to plaintiff's termination and failure to rehire, as well as the hiring of comparators.

## COMPUTATION OF DAMAGES

Plaintiff's damages include his loss of pay, bonuses and benefits from being wrongfully terminated on or about October 30, 2015, and then not being rehired, including when a comparator was hired on or about January 4, 2016. However, it will be determined if an earlier non-re-hire date is appropriate, which determination will be made through discovery. Plaintiff's annual compensation was $76,892 with additional bonuses of as much as $20,000. His income rate would be expected to increase at about five per cent per annum. Benefits are computed at about 25 per cent of salary. These losses will be more closely calculated when discovery is completed of plaintiff's financial records at the defendants. In addition, plaintiff seeks a sum for emotional and exemplary damages as permitted by law. In addition, attorneys' fees, costs and interest on all sums awarded (at applicable rates). Note: plaintiff received $14,352 in unemployment compensation (although as a matter of law that does not reduce his damages).

## INSURANCE

None known to plaintiff.

## AMENDMENTS

Plaintiff may amend, supplement or modify his Disclosures as information becomes available through investigation and/or discovery.

RESPECTFULLY SUBMITTED,

s/ John R. Olsen
John R. Olsen
357 S. McCaslin Blvd.
Louisville, CO 80027
(303) 828-5220
Attorney for William Deere

October 10, 2017

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 10, 2017 the foregoing Initial Disclosures were served upon defense counsel Jim Goh via his regular email address, jgoh@costangy.com.

<u>*s/ John R. Olsen*</u>
John R. Olsen
